IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| EDWIN BLACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | COMPLAINT |
| Deputy Stephen Darnell | ) | |
| in his individual and official capacity, | ) | |
| Cameron Singleton in his individual | ) | |
| and official capacity | ) | |
| Sergeant Brandon Godman in his | ) | |
| individual and official capacity | ) | (Jury Trial Demanded) |
| and official capacity, Sheriff Lowell | ) | |
| Griffin in his individual and | ) | |
| official capacity as Sheriff of | ) | |
| Henderson County, | ) | |
| and Deputies John Does 1-10 in their | ) | |
| individual and official capacities , | ) | |
| Western Surety Company | ) | |
| as Surety for the Sheriff | ) | |
| Defendants. | ) | |
| _____ | ) | |

NOW COMES Plaintiff EDWIN BLACK, by and through his undersigned counsel,

complains of the Defendants as follows:

<u>INTRODUCTION</u>

1.  On or about October 26, 2020, Deputy Stephen Darnell, Sergeant Brandon Godman, and

    as yet unidentified John Doe Defendants 1-10, all of whom, at all times relevant herein,

    were deputies of the deputies of the Henderson County Sheriff's Office, did violate the

    civil rights of Plaintiff Edwin Black as guaranteed by the Fourth and Fourteenth

    Amendments to the United States Constitution, the North Carolina Constitution, and

other applicable federal and/or state law.  Defendants' violations include but are not limited to the following:

    a.   Arresting Plaintiff without probable cause;

    b.   Punching Plaintiff's head and driving it into a concrete roadway, acts of unjustified and excessive force, resulting in significant physical and psychological harm to Plaintiff;

    c.   Failing to provide appropriate medical treatment to Plaintiff after inflicting a serious head injury;

    d.   Intentionally neglecting Plaintiff while in custody, causing Plaintiff to pass out and collapse onto the floor of a jail cell;

    e.   Confining Plaintiff to a "restraint chair" despite his obvious need for medical attention;

    f.   Savagely beating Plaintiff while unlawfully and unjustifiably confining Plaintiff in the "restraint chair" despite Plaintiff suffering from symptoms associated with a head injury; and

    g.   Rather than treating Plaintiff with the dignity and respect to be afforded to all citizens, intentionally inflicting pain upon Plaintiff, refusing and/or delaying medical treatment to Plaintiff, acting with blatant disregard to Plaintiff's rights to remain free from unlawful deprivations of liberty in violation of the rights guaranteed to all citizens under both the United States Constitution and North Carolina Constitution.

2.   Defendant Sheriff Lowell Griffin, in his official capacity of Sheriff of Henderson County, North Carolina and under the authority of his office, did violate the civil rights of

Plaintiff Edwin Black as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, the North Carolina Constitution, and other applicable federal and/or state law. Defendant Griffin failed to establish, enforce, direct, supervise, and/or control the policies, procedures, practices, usages, and customs for Henderson County Sheriff's Office to ensure the protection of the civil rights of arrestees and detainees in its custody. Due to this failure, Defendant Griffin has established a climate, policy, custom, and pattern of condoning and promoting assaultive behavior toward arrestees and detainees in violation of their civil rights. Defendant Griffin's willful indifference to the behavior of the deputies of the Henderson County Sheriff's Office and/or his promotion and acceptance of this behavior amounts to deliberate indifference to the rights of Plaintiff Black.

## PARTIES AND JURISDICTION

3. At the time of the incident Plaintiff was a citizen and resident of Henderson County, North Carolina.

4. The incident on October 26, 2020 that is the subject of this litigation occurred in Henderson County, North Carolina.

5. Upon information and belief, Defendant Deputy Stephen Darnell is a citizen and resident of North Carolina who, at all times relevant herein, was employed by the Henderson County Sheriff's Office, acting in both his individual and official capacities and within the course and scope of his employment.

6. Upon information and belief, Defendant Sergeant Brandon Godman is a citizen and resident of North Carolina who, at all times relevant herein, was employed by the

Henderson County Sheriff's Office, acting in both his individual and official capacities and within the course and scope of his employment.

7. Defendant Sheriff Lowell Griffin is the duly elected Sheriff of Henderson County North Carolina, at all times relevant herein, acting in both his individual and official capacities and within the course and scope of his duties as an elected official.

8. Upon information and belief, Defendant Officer Cameron Singleton is a citizen and resident of North Carolina who, at all times relevant herein, was employed by the Hendersonville Police Department, acting in both his individual and official capacities and within the course and scope of his employment.

9. Upon information and belief, Henderson County, a government entity of North Carolina, is a "Participant" of the North Carolina Association of County Commissioners' ("NCACC") Risk Management Pools ("RMP"), which is incorporated under the laws of North Carolina and has its principal place of business in Raleigh, North Carolina, and provides insurance coverage for law enforcement wrongful acts and public officials wrongful acts, including acts of the duly elected Sheriff of Henderson County and the employees and agents thereof.

10. Upon information and belief, to the extent that any and/or all of the Defendants in this action claim they are a municipal and/or governmental and/or County owned, operated and/or funded entity, or an employee and/or agent of any such entity, such Defendants do not have governmental immunity and/or sovereign immunity for any of the acts or omissions described herein. In the alternative, should any and/or all of the Defendants in this action have governmental immunity and/or sovereign immunity, upon information and belief, any and/or all such Defendants have waived any and all such governmental

and/or sovereign immunity to which they may have been otherwise entitled, for themselves, their agents, employees and all officials acting in their official (and, if applicable, individual) capacities for civil liability and place) liability insurance (or the functional and substantive equivalent thereof, i.e., participation in a local governmental risk pool, purchase of a surety bond, etc.) prior to, concurrent with, and/or subsequent to and/or applicable to the acts and omissions alleged herein.

11. Upon information and belief, Henderson County, a government entity of North Carolina, was and is a participant in a local governmental risk pool or the functional and substantive equivalent thereof, at all times applicable to the events that are the subject of this action and has purchased liability insurance coverage on behalf of Defendant Lowell, the duly-elected Sheriff of Henderson County.

12. Upon information and belief, Defendant Sheriff Lowell purchased and maintains a surety bond through a company licensed, admitted, and authorized to do business in the State of North Carolina who serves as a surety for Defendant Sheriff Lowell pursuant to N.C. Gen. Stat. §§ 162-8 and 58-76-5, and by virtue of said surety bond has undertaken that in all things, the Sheriff would faithfully execute the office of Sheriff and perform all duties incumbent upon him by reason of his election to said office. Under North Carolina law, the Sheriff has waived governmental immunity by the purchase of his official bond.

13. Upon information and belief, the Defendants, their officers, directors, employees and agents have waived governmental immunity under state tort law, if any there be, by the purchase of insurance by Henderson County, North Carolina, and/or the Sheriff of Henderson County, insuring the Office of Sheriff of Henderson County and any of their

officers, agents and employees, including the Defendants named herein, absolute liability to person or property caused by an act or omission of the Defendants or of any of their officers, agents or employees when acting within the scope of their authority and in the course of their employment.

14. Defendant Western Surety Company issued as the Sheriff's surety under N.C.G.S. § 58-76-5. On information and belief, it has issued the statutorily mandated surety bond to cover any injury caused by the neglect or misconduct of the Sheriff or those he employs. Sheriff Griffin is obligated under state law to obtain and maintain said surety bond and by doing so, waives governmental immunity to the claims in this matter, at least to the extent of the bond. On information and belief, the County of Henderson has obtained insurance coverage that will indemnify Sheriff Griffin and Defendants from the claims in this case and thereby has waived governmental and public officer immunity that each might claim.

15. Pursuant to N.C. Gen. Stat. §§ 153A-435 and 160A-485, the above-described insurance policies and/or surety policies act to waive state law governmental immunity for wrongful act liability.

16. Defendants John Does 1-10 are individuals responsible for the care, custody, and control of Plaintiff while in custody of the Henderson County Sheriff's Department whose identities are not yet known or discoverable to Plaintiff but may be known to one or more of the Defendants.

17. This action arises pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, Article I §19 of the North Carolina Constitution, and the North Carolina statutory and common law and is brought pursuant to 42 U.S.C. § 1983.

18. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, and 28 U.S.C. §1343(a), and is authorized to grant Plaintiff's prayer for relief regarding costs and reasonable attorney's fees under 42 U.S.C. § 1988. Mr. Black seeks damages in excess of $25,000 on each of the state law claims.

19. Venue is proper in the Western District of North Carolina.

20. Plaintiff demands a jury trial on all issues and claims set forth herein.

<u>FACTS</u>

21. On or about October 26, 2020, Plaintiff's grandson was practicing driving in the Plaintiff's driveway while Plaintiff and a family member, Ronnie Middleton, observed. Another family member, David Middleton entered the Plaintiff's property, approached the grandson, and threatened him. Plaintiff spoke with David Middleton and believed the situation was resolved.

22. Thereafter, David Middleton verbally threatened the Plaintiff's uncle, Ronnie Middleton, with two machetes. Then, suddenly and without warning, David Middleton charged the grandson, wielding the two machetes wildly.

23. Plaintiff, believing that his grandson's life and safety were in immediate danger, took action. Plaintiff grabbed a stick and began to strike David Middleton with it in order to protect his grandson.

24. Meanwhile, Ronnie Middleton called 911 for help. Upon information and belief, only the Henderson County Sheriff's Office responded to the call.

25. In order to escape the potentially deadly situation once his grandson was out of harm's way, Plaintiff got into his car and was leaving the property when Deputy Stephen Darnell was arriving on scene.

26. Deputy Darnell followed Plaintiff Black and stopped his car.

27. Plaintiff Black made no attempt to evade or escape police and immediately pulled his car over.

28. Deputy Darnell approached Black's car with his service weapon at the ready and pointed his gun directly at Black while screaming at Black to "Get out of the car!", "Get on your knees!", and "Get on the ground!"

29. Attempting to comply with the law enforcement demands, Plaintiff got out of the car and laid down on the concrete roadway, with his arms and legs spread out on the ground.

30. Despite Plaintiff's obvious compliance and non confrontational, aggressive, or furtive movements, Deputy Darnell punched Black on the side of his head and slammed his head into the concrete roadway, screaming and cursing at Plaintiff: "You stupid son of a bitch, didn't you know you were about to hit us!"

31. At no point did Plaintiff aim or drive his car toward any officer or patrol vehicle.

32. Despite having slammed Plaintiff's head into concrete, Deputy Darnell took no action to assess Plaintiff's condition or seek medical evaluation or treatment. Deputy Darnell, with callous indifference, arrested and handcuffed Plaintiff, and put him in the back of his patrol car.

33. According to records created by Defendant Darnell, Defendant Darnell either stopped Plaintiff's car or returned to the detention center with Plaintiff Black in custody at 7:40pm.

34. The records created by Defendant Darnell are contradictory and unreliable.

35. Plaintiff Black was in immense pain from the head injury and feeling woozy, dizzy, and had difficulty focusing. He attempted to tell Deputy Darnell about his symptoms, but Deputy Darnell ignored him.

36. Deputy Darnell, showing no concern for the person he just injured, transported Plaintiff to the Henderson County Detention Center, driving recklessly and causing the Plaintiff to be thrown around while handcuffed and confined to the back of the patrol car.

37. Once they arrive at the jail, Plaintiff Black is taken out of the patrol car. Unknown John Doe deputies removed Plaintiff Black's handcuffs and Black placed his hands on the wall while deputies conducted a pat down search. Black heard Defendant Darnell say "Don't turn your head" then immediately felt a tight material hood being pulled over his face.

38. Plaintiff Black never spat or attempted to spit at deputies but Defendant Darnell and/or John Doe Defendants 1-10 forced a "spit sock" over Black's head.

39. Defendant Darnell and/or John Does 1-10 used the "spit sock" as a means of inflicting punishment and humiliation on the Plaintiff.

40. With the "spit sock" still over his face, Defendant Darnell and/or John Does 1-10 placed Black on a bench. Plaintiff Black was not secured to the bench by any means.

41. EMT James Kanpp, FTS-P016176, was present at the jail and observed Plaintiff's condition. Kanpp advised deputies including Defendant Darnell and John Does 1-10 that Black needed to be transported to the hospital for treatment for a concussion.

42. Knapp wanted to transport Plaintiff Black to the hospital. Deputy Darnell and John Does 1-10 would not permit Plaintiff Black to be transported by the EMT and insisted that the Henderson County Sheriff's Office would transport him.

43. Despite having actual knowledge of Plaintiff Black's condition, a medical opinion that Black needed to be taken to a hospital, and assurances that officers from the Henderson County Sheriff's Office would transport him, Plaintiff Black remained in the booking area of the jail for three hours without any medical treatment.

44. All Henderson County Sheriff's Office personnel left the area, leaving Black alone on the bench despite his open and obvious medical need. Plaintiff Black was severely nauseated and disoriented from the head injury. Plaintiff Black began to experience a full-blown panic and anxiety attack, and collapsed onto the jail floor.

45. Unknown officers returned into the booking area to find Plaintiff Black passed out on the floor. Upon information and belief, the officers called for a nurse whose identity is unknown.

46. Upon information and belief, the nurse arrived on the scene with an aromatic and saw responsive movement from Black. The nurse informed officers that Black was moving and not unconscious.

47. Instead of allowing the nurse to render aid, Sergeant Brandon Godman and other deputies identified as John Does 1-10, snatched Plaintiff Black off of the floor and physically slammed him into the wall and back onto the bench. Defendant Singleton witnessed these assaults.

48. Despite Black not being unconscious, Sergeant Godman slammed his fist into Plaintiff Black's chest with undue force as a means of inflicting pain and/or punishment on Black.

49. Sergeant Godman attempted to cover-up his assault on Black by beginning to rub Black's chest and disguise his attack as a sternum rub to resuscitate him.

50. Instead of transporting Black to the hospital for medical treatment after a severe head injury and subsequent collapse, Sergeant Godman and John Does 1-10 forced Black into further confinement, restricting the movement of his limbs and strapping him into a "restraint chair" which forces and holds a detainee into a scrunched posture resembling the fetal position.

51. In forcing Plaintiff Black into the "restraint chair," Sergeant Godman slammed his knee into Plaintiff Black's solar plexus and shoved him into the chair while Plaintiff cried out in pain. John Does 1-10 pulled back Plaintiff Black's arms. Plaintiff Black was not wearing shoes, and Sergeant Godman, wearing heavy boots with his deputy uniform, maliciously stomped on Plaintiff's bare feet and toes causing excruciating pain. Defendant Singleton witnessed the mentioned assault.

52. After being beaten then neglected by the Henderson County Sheriff's Office and the named and unknown officers identified herein, passing out, being subjected to vindictive efforts to inflict pain, and being restrained and humiliated by unjustifiable use of a "spit mask" and "restraint chair," Plaintiff Black is returned to Defendant Darnell's patrol car and is finally transported to the hospital at 9:22 pm.

53. The entire time at the Henderson County Sheriff's Office and Henderson County Detention Center while Plaintiff was assaulted Defendant Singleton witnessed the assaults.

54. At the hospital, Plaintiff Black underwent a CT scan and was diagnosed with a concussion and sinus cavity swelling. Black was treated for Post Concussion Syndrome for the closed head injury inflicted by Defendant Darnell and exacerbated by the willful

neglect of Defendant Darnell, Defendant Godman, Singleton and Defendant John Does 1-10.

55. As a direct and proximate result of the conduct alleged herein, Plaintiff Black has suffered damages in the following particulars:

    a. violation of Plaintiff's rights under the United States Constitution;

    b. violation of Plaintiff's rights under the North Carolina Constitution

    c. medical expenses;

    d. future expenses for medical and psychological treatment;

    e. lost wages;

    f. pain and symptoms associated with Post Concussion Syndrome;

    g. humiliation;

    h. physical and mental anguish;

    i. loss of enjoyment of life; and

    j. in such other particulars as the evidence will show.

<u>FOR A FIRST CAUSE OF ACTION</u>
(Fourth Amendment – Unlawful Arrest)

56. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

57. The Fourth Amendment of the United States Constitution establishes the right of the people to be secure in their persons, houses, papers, and effects, against all unreasonable searches and seizures and includes the right to be free from unlawful arrest.

58. On or about October 26, 2020, Defendant Stephen Darnell, in his individual capacity and acting under color of law, violated Plaintiff's Black's Fourth Amendment rights by unlawfully arresting the Plaintiff.

59. Defendant Darnell did not possess a warrant for the arrest of Plaintiff Black.

60. Defendant Darnell did not witness the commission of any crime by Plaintiff Black before placing him under arrest.

61. Defendant Darnell did not have probable cause to arrest Plaintiff Black.

62. Defendant Darnell violated Plaintiff's constitutional rights under the Fourth Amendment by placing him under arrest without lawful authority or probable cause.

63. Defendant Darnell did not act as an objectively reasonable officer and is not entitled to qualified immunity.

64. As a result of the willful conduct by Defendant Darnell and/or his deliberate indifference and reckless disregard for Plaintiff Black's constitutional rights, Plaintiff suffered damages including but not limited to loss of liberty, loss of security in his person, physical restraint, psychological and emotional trauma, lost wages, loss of earning capacity, costs and attorney fees.

65. Plaintiff Black demands and is entitled to nominal, actual, and consequential damages, in an amount to be determined by a jury, as well as costs and attorney fees from Defendant Darnell pursuant to 42 U.S.C. §§ 1983 and 1988.

<u>FOR A SECOND CAUSE OF ACTION</u>
(Fourth Amendment – Excessive Force)

66. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

67. The Fourth Amendment of the United States Constitution establishes the right of the people to be secure in their persons, houses, papers, and effects, against all unreasonable searches and seizures and includes the right to be free from unreasonable uses of force.

68. On or about October 26, 2020, Plaintiff Black pulled over his car and got out in compliance with the requests that Defendant Darnell screamed at him.

69. Once out of the car, Plaintiff Black made no quick or furtive movements and did threaten the safety of Defendant Darnell, other officers, or any member of the public.

70. Plaintiff Black did not make any movements of resistance or attempt to evade arrest or flee. Plaintiff Black voluntarily laid prone on the ground with his arms and legs spread.

71. Defendant Stephen Darnell, in his individual capacity and acting under color of law, violated Plaintiff's Black's Fourth Amendment rights by punching Plaintiff Black in the head and slamming his head onto concrete while cursing and screaming at Plaintiff.

72. Defendant Darnell's use of force on Plaintiff Black was unlawful, objectively unreasonable, and wholly unjustified.

73. Defendant Darnell did not act as an objectively reasonable officer and is not entitled to qualified immunity.

74. As a result of the willful conduct by Defendant Darnell and/or his deliberate indifference and reckless disregard for Plaintiff Black's constitutional rights, Plaintiff suffered damages including but not limited to a closed head injury, concussion, loss of liberty, loss of security in his person, pain and suffering, medical costs, lost wages, loss of earning capacity, psychological and emotional trauma, costs and attorney fees.

75. Plaintiff Black demands and is entitled to nominal, actual, and consequential damages, in an amount to be determined by a jury, as well as costs and attorney fees from Defendant Darnell pursuant to 42 U.S.C. §§ 1983 and 1988.

<u>FOR A THIRD CAUSE OF ACTION</u>
(Fourteenth Amendment – Excessive Force)

76. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

77. On October 26, 2020, Plaintiff was held at the Henderson County Detention Center in the custody of the Henderson County Sheriff's Office as a pretrial detainee.

78. While Plaintiff was in law enforcement custody, Defendant Darnell forcibly and unreasonably restrained Plaintiff through the use of a spit mask.

79. While Plaintiff was in law enforcement custody, Defendant Godman forcibly and unreasonably restrained Plaintiff through the use of a restraint chair.

80. Defendants Darnell, Godman, and John Does 1-10 beat the Plaintiff while he was retrained to include punching, hitting, kicking, and stomping on his feet and toes.

81. Defendant Singleton witnessed all mentioned assaults by Defendants Darnell, Godman and John Does 1-10.

82. The aiding and abetting and/or failure to intervene and/or failure to prevent the assault and battery gives rise to liability on the part of Defendant Singleton.

83. None of these actions were related to a legitimate government objective or interest, or, in the alternative, such actions were excessive in relation to the purported government interest.

84. As a result of the actions of Defendant Darnell, Godman, and John Does 1-10, Plaintiff suffered objectively harmful injury and pain sufficiently serious to establish a constitutional violation.

85. As a result of the inaction of Defendant Singleton, Plaintiff suffered objectively harmful injury and pain sufficiently serious to establish a constitutional violation.

86. Plaintiff's pain and injuries are more than de minimis.

87. The actions of these Defendants in beating Plaintiff in order to cause him injury, pain, and humiliation, all without a legitimate government purpose, are repugnant and serve to shock the conscience.

88. Defendants failed to act as objectively reasonable officers under similar situations and are not entitled to qualified immunity.

89. As a result of the willful conduct by these Defendants and/or their deliberate indifference and reckless disregard for Plaintiff Black's constitutional rights, Plaintiff suffered damages including but not limited to a closed head injury, concussion, loss of liberty, loss of security in his person, pain and suffering, medical costs, lost wages, loss of earning capacity, psychological and emotional trauma, costs and attorney fees.

90. Plaintiff Black demands and is entitled to nominal, actual, and consequential damages, in an amount to be determined by a jury, as well as costs and attorney fees from these Defendants pursuant to 42 U.S.C. §§ 1983 and 1988.

FOR A FOURTH CAUSE OF ACTION
(Fourteenth Amendment – Denial of Medical Care)

91. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

92. The Fourteenth Amendment of the United States Constitution, pursuant to the Due Process Clause, guarantees pretrial detainees the right to adequate medical care.

93. On October 26, 2020, Plaintiff was a pretrial detainee in the custody of the Henderson County Sheriff's Department.

94. Due to the head injury inflicted by Defendant Darnell and the multiple strikes, blows, kicks, and punches by Defendants Darnell, Godman, and John Does 1-10, Plaintiff has a serious need for medical care.

95. Defendants were on actual notice of Plaintiff's serious medical after a medical professional informed them that Plaintiff needed to be transported to a hospital for treatment.

96. Defendants Darnell, Godman, and John Does 1-10, denied the demands of a medical professional to transport Plaintiff to the hospital.

97. Defendants Darnell, Godman, and John Does 1-10, failed to transport Plaintiff to the hospital in a timely manner despite the demand of a medical professional and assurances that they would do so, thereby delaying necessary medical treatment.

98. Instead of transporting Plaintiff for medical care, Defendants left Plaintiff alone resulting in him suffering a panic and anxiety attack and collapsing, causing further injury.

99. Even after Black collapsed, Defendants did not transport Plaintiff to the hospital, instead forcing him into a restraint chair and inflicting further injuries by pulling, hitting, striking, punching, and stomping Plaintiff, causing him excruciating pain and further humiliation.

100. By their actions in ignoring the easily recognizable and obvious medical need of Plaintiff and refusal to transport Plaintiff for medical treatment despite a demand from medical professionals to do so, Defendants Darnell, Godman, and John Does 1-10 were deliberately indifferent to Plaintiff's serious medical needs.

101. Defendants failed to act as objectively reasonable officers under similar situations and are not entitled to qualified immunity.

102. As a result of the willful conduct by these Defendants and/or their deliberate indifference and reckless disregard for Plaintiff Black's constitutional rights, Plaintiff suffered damages including but not limited to a closed head injury, concussion, loss of

liberty, loss of security in his person, pain and suffering, medical costs, lost wages, loss of

earning capacity, psychological and emotional trauma, costs and attorney fees.

103.   Plaintiff Black demands and is entitled to nominal, actual, and consequential

damages, in an amount to be determined by a jury, as well as costs and attorney fees from

these Defendants pursuant to 42 U.S.C. §§ 1983 and 1988.

FOR A FIFTH CAUSE OF ACTION
(Monell Claim)

104.   Plaintiff incorporates by reference each and every allegation contained in the

preceding paragraphs with the same force and effect as if fully set forth herein.

105.   On October 26, 2020, Sheriff Lowell Griffin, under the authority granted to him as

the duly-elected Sheriff of Henderson County, was responsible for establishing,

enforcing, directing, supervising, and controlling the policies, procedures, customs,

practices, and usages applicable to the deputies of the Henderson County Sheriff's Office.

106.   Defendant Griffin, by his actions in improperly training and/or supervising deputies

of the Henderson County Sheriff's Office or in failing to train and/or supervise deputies

of the Henderson County Sheriff's Office, has maintained a policy, custom, or pattern of

facilitating and condoning aggressive, abusive, and assaultive behavior toward arrestees

and pretrial detainees.

107.   Defendant Griffin knew or should have known of the need to properly train and/or

supervise the deputies of the Henderson County Sheriff's Office in the proper treatment

of those in its custody, including pretrial detainees; to refrain from improper and

unreasonable uses of restraint devices; to provide prompt medical attention and/or

transport to medical facilities; and in such other particulars as the evidence may show.

108.    Upon information and belief, the excessive force used by Defendant Darnell in the arrest of Plaintiff and the abusive and neglectful actions of Defendants Darnell, Godman, and John Does 1-10, which resulted in the violation of Plaintiff's civil rights, were consistent with the policies, procedures, patterns, and customs of the Henderson County Sheriff's Office.

109.    A reasonable policymaker would know or should have known of the behaviors of Defendants Darnell, Godman, and John Does 1-10, and that the policy, procedure, pattern, practice, and custom of promoting, facilitating, and condoning such behavior would lead to the violation of civil rights of arrestees and pretrial detainees.

110.    Defendant Griffin knew or should have known that the behaviors of the Defendants would lead to the violations of civil rights of arrestees and pretrial detainees and acted with deliberate indifference to this risk.

111.    As a direct result of Defendant Griffin's policy, procedure, pattern, practice, and custom of promoting, facilitating, and condoning these behaviors, Plaintiff suffered violations of his civil rights and suffered damages including but not limited to a closed head injury, concussion, loss of liberty, loss of security in his person, pain and suffering, medical costs, lost wages, loss of earning capacity, psychological and emotional trauma, costs and attorney fees.

112.    Plaintiff Black demands and is entitled to nominal, actual, and consequential damages, in an amount to be determined by a jury, as well as costs and attorney fees from these Defendants pursuant to 42 U.S.C. §§ 1983 and 1988 and *Monell v. Dept. of Social Servs., 436 U.S. 658 (1977)*.

<u>FOR A SIXTH CAUSE OF ACTION</u>
(NC Constitution)

113.     Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

114.     Pursuant to Article I § 19 of the North Carolina Constitution, no person shall be deprived of his life, liberty or property but by the law of the land.

115.     Defendant Darnell violated N.C. Gen. Stat. § 15A-401(d) when he used excessive force in effectuating Plaintiff's arrest on October 26, 2020.

116.     Defendants Darnell, Godman, Singleton and John Does 1-10, while Plaintiff was a pretrial detainee in the custody and control of the Henderson County Sheriff's Department, caused physical and emotional harm to Plaintiff and denied Plaintiff medical care, all in violation of North Carolina law.

117.     Defendants Darnell, Singleton, Godman, and John Does 1-10 knew or should have known that their actions were in violation of North Carolina law, and such actions demonstrate a willful and malicious disregard for Plaintiff's rights under North Carolina law.

118.     At all times relevant herein, Defendant Griffin, as Sheriff of Henderson County, and all deputies of the Henderson County Sheriff's Department, were keepers of the jail pursuant to N.C. Gen. Stat. § 162-55.

119.     The actions and inactions of Defendants violate North Carolina Law and Plaintiff's rights as guaranteed by the North Carolina Constitution.

120.     As a direct result of Defendants' conduct, Plaintiff has suffered damages including but not limited to a closed head injury, concussion, loss of liberty, loss of security in his person, pain and suffering, medical costs, lost wages, loss of earning capacity, psychological and emotional trauma, costs and attorney fees.

121. Plaintiff Black demands and is entitled to nominal, actual, and consequential damages, in an amount to be determined by a jury, as well as costs and attorney fees from these Defendants.

122. That Plaintiff is entitled to recover, jointly and severally, compensatory and punitive damages in an amount in excess of $25,000.00 from the Defendants as a result of their conduct and for the damages suffered as more particularly described herein.

<u>FOR A SEVENTH CAUSE OF ACTION</u>
(Assault and Battery)

123. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

124. Upon information and belief, Defendant Sheriff Lowell Griffin and/or the Henderson County Sheriff's Department, maintain a bond pursuant to N.C. Gen. Stat. § 58-76-5, which provides a plain and unmistakable waiver of sovereign immunity.

125. Defendants Darnell, Godman, and John Does 1-10 used unnecessary, unreasonable, and excessive force, acting with malice and in abuse of their authority as law enforcement officers, in arresting and restraining Plaintiff.

126. Defendants Darnell, Godman, and John Does 1-10 used unnecessary, unreasonable, and excessive force upon Plaintiff as a means of punishment and humiliation and with the purpose to inflict pain.

127. Defendant Singleton witnessed all mentioned assaults by Defendants Darnell, Godman and John Does 1-10.

128. The aiding and abetting and/or failure to intervene and/or failure to prevent the assault and battery gives rise to liability on the part of Defendant Singleton.

129. Defendants Darnell, Godman and John Does 1-10 caused Plaintiff Black to reasonably fear that he would suffer physical injury. Mr Black did in fact suffer violent, harmful and offensive touching by Henderson County Sheriff's Department Officers.

130. The individual Defendants' battery upon Plaintiff Black was unnecessary and unwarranted in the performance of their official duties as sworn law enforcement officers and constituted an unreasonable and excessive use of force. Defendants knew or should have known their actions were without lawful authority or the consent of Plaintiff.

131. As a direct and proximate result of the Defendants' reckless, willful, wanton, malicious, and unlawful conduct violation of Plaintiff's statutory and common law rights as guaranteed by the laws of the state of North Carolina.

132. Plaintiff suffered and continues to suffer damages, including, but not limited to, physical pain and emotional suffering.

133. Defendants Darnell, Godman, and John Does 1-10 are liable to Plaintiff for assault and battery.

134. By the conduct and actions described above, Defendant intentionally inflicted the common law torts of assault and battery upon Plaintiff.

135. Plaintiff Black demands and is entitled to actual and consequential damages in an amount to be determined by a jury.

136. That Plaintiff is entitled to recover, jointly and severally, compensatory and punitive damages in an amount in excess of $25,000.00 from the Defendants as a result of their conduct and for the damages suffered as more particularly described herein.

<u>FOR AN EIGHTH CAUSE OF ACTION</u>
(Intentional Infliction of Emotional Distress)

(Against Defendants Singleton, Darnell, Godman and John Does 1-10)

137.    Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

138.    Defendants Darnell, Godman, Singleton and John Does 1-10, engaged in extreme and outrageous conduct against Plaintiff by unreasonably and unjustifiably injuring Plaintiff, ignoring Plaintiff's serious need for medical care, unreasonably and unlawfully restraining Plaintiff through the use of a spit mask and restraint chair, deliberately causing physical pain to Plaintiff, and in such other manners as the evidence may show.

139.    Defendants' actions were intended to cause severe emotional distress to Plaintiff or were recklessly indifferent to the likelihood that they would cause severe distress.

140.    As a result of Defendants' actions, Plaintiff suffered severe emotional distress.

141.    Plaintiff Black demands and is entitled to actual and consequential damages in an amount to be determined by a jury.

142.    That Plaintiff is entitled to recover, jointly and severally, compensatory and punitive damages in an amount in excess of $25,000.00 from the Defendants as a result of their conduct and for the damages suffered as more particularly described herein.

FOR A NINTH CAUSE OF ACTION
(Injury by Jailer)

143.    Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

144.    Defendants Godman, John Does 1-10, Singleton, and Darnell  caused injury to Plaintiff while he was in the custody of Henderson County Sheriff's Department by means of their physical assaults, unreasonable restraints, infliction of pain and humiliation, and denial of medical care.

145. As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages including but not limited to a closed head injury, concussion, loss of liberty, loss of security in his person, pain and suffering, medical costs, lost wages, loss of earning capacity, psychological and emotional trauma, costs and attorney fees.

146. Plaintiff Black demands and is entitled to actual, consequential damages, and treble damages under N.C. Gen. Stat. § 162-55 in an amount to be determined by a jury.

147. That Plaintiff is entitled to recover, jointly and severally, compensatory and punitive damages in an amount in excess of $25,000.00 from the Defendants as a result of their conduct and for the damages suffered as more particularly described herein.

<u>FOR A TENTH CAUSE OF ACTION</u>
(Claim under Statutory Bond)

148. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

149. Defendants Darnell, Godman, and John Does 1-10, engaged in intentional conduct of hitting, punching, striking, kicking, and unreasonably restraining Plaintiff.

150. Defendants Darnell, Godman, and John Does 1-10, neglected the serious medical needs of Plaintiff by refusing to transport him to a hospital in a timely manner.

151. Defendant Singleton and John Does 1-10 failed to intervene during the violations of Plaintiff's rights.

152. The actions of each individual Defendant in each claim for relief described herein constitute negligence, misconduct and misbehavior one in violation of their duties as Deputy Sheriffs and employees of Henderson County, North Carolina.

153. Defendants Darnell, Godman, and John Does 1-10, acted in the scope of their employment as law enforcement officers and under color of their office.

154. Defendant Sheriff Griffin and his Surety are liable to Plaintiff under N.C. Gen. Stat. § 58-76-5 and N.C.G.S. § 28A-28-2(b). for the actions of Defendants Darnell, Godman, and John Does 1-10.

155. Sheriff Lowell's Bond(s) as alleged herein above were in full force and effect during the times complained here.

156. Surety is also liable to Plaintiff for his injury caused by the Defendants neglect while in office by virtue of then in-force Sheriff's Bonds as alleged herein.

157. As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages including but not limited to a closed head injury, concussion, loss of liberty, loss of security in his person, pain and suffering, medical costs, lost wages, loss of earning capacity, psychological and emotional trauma, costs and attorney fees.

158. Plaintiff Black demands and is entitled to payment under Defendant Sheriff Griffin's bond pursuant to N.C. Gen. Stat. § 58-76-5.

159. Plaintiffs are entitled to recover on the bond all damages caused by the neglect and malfeasance of Defendant Barnes and his agents, as allowed by N.C.G.S. § 28A-28-2(b).

160. That Plaintiff is entitled to recover, jointly and severally, compensatory and punitive damages in an amount in excess of $25,000.00 from the Defendants as a result of their conduct and for the damages suffered as more particularly described herein.

<u>FOR AN ELEVENTH CAUSE OF ACTION</u>
(Gross Negligence)

161. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

162. Defendant Sheriff Griffin, in his official capacity, owed Plaintiff a duty of care as a person in custody of the Henderson County Sheriff's Department as a pretrial detainee.

163. Defendants Godman, Singleton and Darnell owed Plaintiff a duty of care as a person in custody of the Henderson County Sheriff's Department

164. Defendant had a duty to ensure the physical safety and emotional wellbeing of Plaintiff while he was in its custody, including but not limited to refraining from using unreasonable restraints and/or force on Plaintiff and providing adequate medical care.

165. Defendant was grossly negligent in the following particulars:

    a. Unreasonably restraining Plaintiff through the use of a spit mask and restraint chair;

    b. Failing to intervene in the unjustified use of force and physical assaults of Plaintiff;

    c. Failing to provide prompt and appropriate medical care;

    d. Failing to act as a reasonably prudent officer under similar circumstance; and

    e. In such other particulars as the evidence may show.

166. As a direct and proximate result of this grossly negligent and malicious conduct, Plaintiff suffered damages including but not limited to a closed head injury, concussion, loss of liberty, loss of security in his person, pain and suffering, medical costs, lost wages, loss of earning capacity, psychological and emotional trauma, costs and attorney fees.

167. Plaintiff Black demands and is entitled to actual, consequential, and punitive damages in an amount to be determined by a jury.

168. That Plaintiff is entitled to recover, jointly and severally, compensatory and punitive damages in an amount in excess of $25,000.00 from the Defendants as a result of their conduct and for the damages suffered as more particularly described herein.

<u>FOR A TWELFTH CLAIM FOR RELIEF</u>
Negligent Infliction of Emotional Distress
(Against Defendants Godman, Singleton, Darnell and Griffin)

169.     Plaintiff Black incorporates by reference all of the foregoing paragraphs as though fully set forth herein.

170.     At all material times, each defendant owed each plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation; and reasonable care.

171.     As alleged above, the Defendants breached this duty by using excessive force and failing to medically treat Plaintiff.

172.     By the acts and/or omissions alleged above, Defendants acted with negligence and breached their duty of due care owed to Plaintiff, which foreseeably resulted in the suffering of damages by Mr. Black.

173.     Plaintiff suffered severe emotional distress as a result of Defendants' negligence. Defendants should have reasonably foreseen that their negligence would have caused Plaintiff severe emotional distress.

174.     The Defendant's negligence did in fact cause severe emotional distress.

175.     As alleged above, Defendant's negligence is imputable to the Henderson County Sheriff's Office under the doctrine of *respondeat superior*, and the County of Henderson's waiver of immunity pursuant to is N.C.G.S. § 160A-485.5, the County is liable for the negligent acts of its employees, each of whom acted within the course and scope of his employment.

176.     That Plaintiff is entitled to recover, jointly and severally, compensatory and punitive damages in an amount in excess of $25,000.00 from the Defendants as a result of their

conduct and for the damages suffered as more particularly described herein.

## FOR A THIRTEENTH CAUSE OF ACTION - FOURTH AMENDMENT VIOLATION

### (Failure to Intervene)

(Against Defendant Singleton)

177.    Plaintiff Black incorporates by reference all of the foregoing paragraphs as though fully set forth herein.

178.    Excessive force was used against Plaintiff throughout his detainment.

179.    Plaintiff was unjustifiably arrested.

180.    Defendant Singleton knew of and witnessed various violations of Plaintiff's

181.    Constitutional rights by Defendant Godman, Defendant Darnell and John Does 1-10 in cluding but not limited to them punching, kicking, and kneeing Plaintiff in the Detention Center and County Jail.

182.    A reasonable person in officer Singleton's position would know that the Plaintiff;s constitutional rights were being violated

183.    Defendant Singleton witnessed multiple acts of excessive force in violation of Plaintiff's Constitutional rights used against Plaintiff throughout his detainment.

184.    Officer Singleton had ample and realistic opportunity to intervene to prevent the harm from occurring.

185.    Defendant Singleton did not do anything to render aid after witnessing the unlawful use of excessive force.

186.    Officer Singleton continuously failed to intervene.

187.    Accordingly, Defendant Singletonis liable as a bystander to Defendant Godman

and Darnells violation of Mr. Blacks Fourth Amendment rights.

188. Plaintiff suffered damages as a direct result of his failure to intervene including but not limited to a closed head injury, concussion, loss of liberty, loss of security in his person, pain and suffering, medical costs, lost wages, loss of earning capacity, psychological and emotional trauma, costs and attorney fees.

189. Plaintiff Black demands and is entitled to actual, consequential, and punitive damages in an amount to be determined by a jury.

<u>PUNITIVE DAMAGES</u>

190. The preceding and foregoing paragraphs are incorporated by reference as if fully set forth herein.

191. As a direct and proximate result of the grossly negligent, reckless, intentional and willful conduct of Defendants Godman and Darnell, Singleton, as well as their conscious disregard of the health and safety of Plaintiff, and other members of the law abiding public as alleged herein, Plaintiff is entitled to recover punitive and exemplary damages under both federal and state law to punish Defendants for their illegal, egregiously wrongful, reckless, willful, and/or wanton misconduct and to determine such conduct by others.

192. Plaintiff is entitled to recover punitive damages from Defendants, jointly and severally, in an amount to be later determined at trial.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays for judgment against all Defendants as follows:

    A.    For all actual and consequential damages;

B.     For reasonable costs associated with this actions;

C.     For pretrial interest on each of the judgments for Plaintiff;

D.     For reasonable attorney's fees pursuant to 42 U.S.C. § 1983 and any other

applicable statute;

E.     For treble damages pursuant to N.C. Gen. State. § 162-55;

F.     For punitive damages to the extent allowable by law; and

G.     For all such other relief as this Court deems just and proper.

Sincerely,
*/s/ Darlene Harris*
Darlene Harris
N.C. State Bar No. 46087
Oakhurst Legal Group
1026 Jay Street B184
Charlotte, NC 28205
Telephone: (704) 313-8816
E-mail: Darlene@oaklg.com

*Counsel for Plaintiff*